

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. WR-67,335–03 & WR-67,335-04

### EX PARTE PASCAL DEWAYNE GARRIOTT, Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS CAUSE NO. 18876-A IN THE 253RD DISTRICT COURT FROM CHAMBERS COUNTY

*Per curiam*.

### O R D E R

Applicant was convicted of driving while intoxicated with two prior convictions and sentenced to sixty years' imprisonment. The First Court of Appeals affirmed his conviction. *Garriott v. State*, No. 01-18-00417-CR (Tex. App.— Houston [1ˢᵗ Dist.] July 11, 2019)(pet. ref'd). Applicant filed these applications for writs of habeas corpus in the county of conviction, and the district clerk properly forwarded the applications to this Court under Texas Rule of Appellate Procedure 73.4(b)(5). *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant filed a writ application, WR-67,335-03, for this conviction and the trial court appointed habeas counsel and entered an order designating issues on April 17, 2020. This Court remanded the WR-67,335-03 application but Applicant filed a motion to withdraw and dismiss that

application, stating that the application had been fraudulently completed by an inmate writ writer and was not authorized or signed by Applicant. Applicant stated he wished to proceed on the authorized writ application he filed on April 28, 2020, WR-67,335-04, although it appears from the record that the handwriting throughout the applications and the signature on both applications is identical.

This Court has held that requests for late-stage dismissals of habeas applications without prejudice, in general, are disfavored and will not be permitted. If, however, an applicant makes a showing of good cause for a late-stage dismissal without prejudice, then permitting the entire process to begin anew is appropriate. When this Court determines that a perceived deficiency in an existing habeas application could be remedied by alternatives to a late-stage dismissal such as (1) the presentation of additional evidence, (2) the filing of an amended or supplemental application raising new claims in the habeas court, or (3) a stay of the proceedings for a reasonable period of time, then the applicant cannot show good cause for his motion to dismiss without prejudice. *Ex parte Speckman*, 537 S.W.3rd 49 (Tex. Crim. App. 2017).

The trial court signed an order of withdrawal on the WR-67,335-03 application on July 1, 2020. However, the trial court did not make any findings utilizing the *Speckman* analysis. We remand these applications to the trial court to address the *Speckman* factors, to determine which application Applicant wishes to proceed on, and to make findings of fact and conclusions of law on the five grounds raised in the WR-67,335-04 application.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested

by the trial court and obtained from this Court.

Filed: September 16, 2020
Do not publish